# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| WESLEY BERNARD AIKENS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | CV611-039 |
| v. | ) | Case No. CV610-025 |
| | ) | CR607-031 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

A jury convicted Wesley Bernard Aikens of conspiracy to violate 18 U.S.C. § 511, § 513, § 1001, § 2321 and § 2313 by trafficking in stolen motor vehicles with altered identification numbers, forging state securities with the intent to defraud, receiving stolen motor vehicles, and making false statements to federal law enforcement officers. CR607-931, docs. 466 (redacted indictment) & 468 (jury verdict). The Court sentenced him to 51 months' imprisonment, ordered him to make $82,546.28 in restitution, and directed him to pay a $100 special assessment. Doc. 628.

While appealing his case, doc. 632, Aikens declared war on reality. First, he "paid" his restitution by filing a "Creditor's promissory note of payment for the complete restitution in the sum certain amount of $82,546.28." Doc. 751; *see also* doc. 752 (a second promissory note to cover the $100 special assessment against him); doc. 771 (he re-filed the $82,546.28 note because somehow it got "accepted for value and returned for value"); doc. 772 (an additional, $100,000,000 promissory note, apparently for good measure); doc. 773 (an additional $1 billion promissory note, also apparently for good measure).

Second, he dismissed his own appeal with prejudice. Doc. 770. This evidently made sense to him, because he then moved for 28 U.S.C. § 2255 relief. Doc. 774. He wanted out of prison and his monetary obligations discharged because, he contended, he had now made a "Satisfaction and Accord" with the government. *Id.* at 4 (Ground One, which is his only ground). In support, he attached *another* $1 Billion promissory note. *Id.* at 7; *see also* doc. 777 (his "acknowledgement" that he has tendered the promissory note "to cover any/all fees and cost in the aforesaid CRIMINAL CASE NO.; and for the release of the physical body/VESSEL of Debtor /Petitioner: WESLEY BERNARD AIKENS, and

2

any/all other real/personal property thereof [See e.g. FEDERAL CIVIL JUDICIAL PROCEDURES and RULES, RULE "ET" (5) (a), SPECIAL BOND]."). And, after tendering promissory notes in the "face amount [of] 4 BILLION U.S. DOLLARS" to the government, doc. 778 at 1, Aikens also moved the Court for the release of his property. *Id.* at 2.

Pursuant to 28 U.S.C. § 2255 Rule 4, the Court recommended that Wesley Bernard Aikens's §2255 motion (doc. 774), as well as his "release of property" motion (doc. 778), be denied as patently frivolous. Doc. 787, *adopted*, docs. 791 & 792. Re-running essentially the same babbling nonsense, Aikens has just filed a second § 2255 motion. Doc. 810 at 9 (tending a "Certified Promise to Pay" a bond for his release). Equally frivolous, it also must be **DISMISSED**, though this time as successive under 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255(h).

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal). And, as

there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, in forma pauperis status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 20th day of April, 2011.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA